UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Akeem Williams,

    Plaintiff,

v.                                                      Case No. 2:21-11997

General Motors LLC,                      Sean F. Cox
                                                        United States District Court Judge

    Defendant.

_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS**

       This is a workplace discrimination suit. Plaintiff, Akeem Williams ("Plaintiff") alleges that Defendant, General Motors LLC ("Defendant") discriminated against him based upon his disability. The matter currently before the Court is Defendant's Partial Motion for Judgment on the Pleadings, brought pursuant to FED. R. CIV. P. 12(c). A hearing was held on January 13, 2022. For the reasons set forth below, the Court GRANTS Defendant's motion and DISMISSES Counts V (Negligence) and VI (Negligent Infliction of Emotional Distress) in Plaintiff's Complaint.

**BACKGROUND**

       On July 20, 2021, Plaintiff commenced this action in Oakland County Circuit Court. (Compl. ECF No. 1-1 at PageID 9). On August 27, 2021, Defendant removed the matter to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. (ECF No. 1).

       Plaintiff's Complaint includes six counts. Count I is an alleged violation of the Americans with Disabilities Act ("ADA"), contending that Defendant discriminated against a disabled

1

individual in "the terms and conditions of employment on the basis of disability." ("Count I") (Compl. at PageID 15). Count II is an alleged violation of Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), claiming unlawful discrimination because of Plaintiff's disability. ("Count II") (Compl. at PageID 17). Count III is a Hostile Work Environment claim, alleging that Plaintiff was subject to unwelcome communication and malicious conduct because of his protected status. ("Count III") (Compl. at PageID 18). Count IV claims that Defendant violated Michigan's Bullard-Plawecki Employee Right to Know Act by "refusing to give Plaintiff his employee personal file" after a proper demand under State law. ("Count IV") (Compl. at PageID 20). Counts I-IV are not at issue in this motion.

Count V is a claim of Negligence. ("Count V"). Plaintiff alleges that Defendant owed a duty to Plaintiff to exercise reasonable care "in establishing and overseeing the enforcement of laws and internal human resource policies." (Compl. at PageID 21). Plaintiff claims that Defendant breached this duty by failing to act with reasonable care and instead exhibited "deliberate indifference." (Compl. at PageID 21). Count VI is a claim of Negligent Infliction of Emotional Distress ("NIED"). ("Count VI"). Plaintiff alleges that Defendant's negligent conduct proximately caused severe emotional distress to Plaintiff. (Compl. at PageID 22). Only these two claims are at issue in Defendant's motion.

On October 5, 2021, Defendant filed its Partial Motion for Judgment on the Pleadings arguing that the Court should dismiss Count V and Count VI pursuant to Rule 12(c). (ECF No. 6). In a subsequent scheduling order, this Court granted Plaintiff an opportunity to amend the complaint pursuant to the Court's deadline. (ECF No. 7). Plaintiff did not file an amended complaint.

In a motion filed under Rule 12(c), a district court must accept the plaintiff's well-pleaded allegations as true and construe each allegation in a light most favorable to the plaintiff. *Williams v. State Farm Ins. Co.*, 781 F. Supp. 2d 519, 523 (E.D. Mich. 2011). As such, the following allegations in Plaintiff's Complaint are taken as true.

Plaintiff suffered an ankle injury in 2012 that did not fully heal. (Compl. at PageID 10). Plaintiff's ankle injury was known to employees and supervisors. (Compl. at PageID 10). Plaintiff trained for a variety of positions to avoid the duty of lifting or racking parts, an activity that could aggravate his injury. (Compl. at PageID 11). Plaintiff worked in these various positions from 2012 through 2018 until he received a new supervisor, Brian White ("White"). (Compl. at PageID 11).

Plaintiff was reassigned by White to lifting and racking parts, which resulted in a trip to the hospital for ankle swelling and pain. (Compl. at PageID 12). Plaintiff was directed to stay off the ankle for a few days as he had suffered a light sprain. (Compl. at PageID 12). Three days later, White assigned Plaintiff to racking parts again. (Compl. at PageID 12). Plaintiff suffered an injury and returned to the hospital with another ankle sprain. (Compl. at PageID 12). Upon his return, Plaintiff was transferred to another department. (Compl. at PageID 12).

Plaintiff then obtained a restriction from his physician, which stated that he could perform all duties except racking parts—the activity assigned by White. (Compl. at PageID 12). Plaintiff worked in the new department for roughly a year before being reassigned to another department due to COVID-19 induced layoffs. (Compl. at PageID 13). Plaintiff was again placed under the supervision of White. (Compl. at PageID 13). White and Defendant's medical staff informed Plaintiff that he "never had [a restriction]," they didn't "see a reason for [Plaintiff] to have a restriction at all," and "Plaintiff needed to go back to lifting parts." (Compl. at PageID 13).

3

Plaintiff immediately thereafter went upstairs to discuss the situation with the union representative; however, she was not in her office. (Compl. at PageID 13). Plaintiff then tripped down the same set of stairs and reinjured his ankle. (Compl. at PageID 13). Plaintiff received a restriction from a specialist that advised no twisting or turning of the ankle. (Compl. at PageID 14). Defendant's representatives stated that they were not "allowed to put any ankle restrictions in for him" and assigned Plaintiff to racking parts. (Compl. at PageID 14). Plaintiff again injured his ankle and received two weeks off of work for this more severe sprain. (Compl. at PageID 14). Plaintiff returned after two weeks with the same restriction from the specialist which the Defendant's representatives "[could not] honor." (Compl. at PageID 14). Plaintiff was told to stay home until he was cleared by his physician. (Compl. at PageID 14). The events have caused Plaintiff's ankle injury to increase in severity and have induced multiple mental breakdowns. (Compl. at PageID 15).

Although Plaintiff's Complaint includes six claims, only Count V & VI are at issue in Defendant's motion for judgment on the pleadings. Defendant has moved to dismiss both claims for failing to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(c) is the same as that which should be undertaken when evaluating a motion brought pursuant to Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Thus, a district court must accept the plaintiff's well-pleaded allegations as true and construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To meet this standard, the "plaintiff [must] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *see also Albrecht*, 617 F.3d at 893 (applying these standards to a motion brought under 12(c)). In essence, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

## ANALYSIS

### I. Plaintiff's Negligence Claim (Count V)

Defendant first argues for dismissal of Count V, which Plaintiff has broadly fashioned as "Negligence." (ECF No. 6, at PageID 90-91). Count V alleges that Defendant breached its duty to Plaintiff by "failing to exercise reasonable care in overseeing the enforcement of laws and internal human resource policies" and "instead acted with deliberate indifference toward the safety and well-being of its employees." (ECF No. 1-1, at PageID 22). It is unclear from the Complaint whether Plaintiff is asserting a claim of general negligence or a claim of negligent supervision. However, the claim should be dismissed in either situation.

Defendant argues that the factual allegations in the Complaint reflect that "Plaintiff has ostensibly asserted a claim for negligent supervision… in connection with GM's alleged failure to establish and implement internal policies that adequately protect employees' rights under the ADA and PWDCRA." (ECF No. 6, at PageID 91). In their response to Defendant's motion, Plaintiff states that "[Count V] is based upon the employer's failure to adequately supervise as it relates to employees and contractors." (ECF No. 9, at PageID 121).

Count V should be dismissed as a broad negligence claim because it is based on disability discrimination, for which Plaintiff's remedies are limited to those prescribed by the PWDCRA. In *McClements v. Ford Motor Co.*, the Michigan Supreme Court held that where a plaintiff's claim "is entirely based on a negligent violation of a statutorily created tort, the statute provides the sole remedy, unless there was a common-law remedy that predated the statute." *Legal Servs. of E. Michigan v. Edward Rose Assocs., Inc.*, No. 05-74705, 2007 WL 325353, at *5 (E.D. Mich. Jan. 31, 2007) (quoting *McClements*, 473 Mich. 373, 382, 702 N.W.2d 166 (2005)).

Here, Plaintiff's negligence claim is based entirely on a negligent violation of the statutorily created tort of disability discrimination, of which no common law claim existed before adoption of the PWDCRA. *Robbins v. Am. Preferred Mgmt. Co.,* No. 5:05-CV-182, 2007 WL 2728746 at *12 (W.D. Mich. Sept. 17, 2007). In *Robbins*, the plaintiff asserted a negligence claim based on the negligent supervision and training of plaintiff's supervisor. No. 5:05-CV-182, 2007 WL 2728746 at *12 (W.D. Mich. Sept. 17, 2007). The claim was premised on disability discrimination, as the plaintiff was exposed to an aerosol that induced an asthmatic reaction. *Id*. The court relied on this Court's decision in *Legal Services of Eastern Michigan* regarding the viability of a negligence claim asserted in conjunction with a claim of discrimination under a civil rights act. *Id*. (citing *Legal Services of Eastern Michigan v. Edward Rose Associates, Inc.*, No. 05-

6

74705, 2007 WL 325353, at *5 (E.D. Mich. Jan. 31, 2007)). The *Robbins* court held that because the plaintiff's negligence allegations were based on sex and disability, the remedies for which are contained in the ELCRA and PWDCRA, the claim of negligence fails consistent with *McClements*. *Id*. The *Robbins* court reasoned that because no common law claims existed for sex or disability discrimination before the adoption of the ELCRA and the PWDCRA, plaintiff has not asserted a viable negligence claim. *Id* at *13. In this case, Plaintiff's negligence allegations are based on his disability, and therefore the negligence claim should be dismissed consistent with *McClements* and *Legal Services of Eastern Michigan*.

Count V should also be dismissed as a negligent supervision claim because Defendant did not owe Plaintiff a duty to reasonably supervise and train its employees. *Thompson v. Gen. Linen Supply Co.*, No. 17-CV-13739, 2018 WL 3770062 at *4 (E.D. Mich. Aug. 9, 2018). The *Thompson* court held that an employee is barred from bringing a claim of negligent supervision/training of employees against his employer. *Id*. The *Thompson* court reasoned that under Michigan law, "an employer owes a duty **only to the general public** to reasonably supervise and train its employees." *Id*. (emphasis added). *See Mueller v. Brannigan Bros. Restaurants & Taverns, LLC*, 323 Mich.App. 566, 918 N.W.2d –545, 552, 2018 WL 1611479, at *3 (Mich. Ct. App. Apr. 3, 2018) ("[T]he gravamen of negligent hiring or retention is that the employer bears some responsibility for bringing an employee into contact with a member of the public despite knowledge that doing so was likely to end poorly." (emphasis added) ); *Zsigo v. Hurley Med. Ctr.*, 475 Mich. 215, 716 N.W.2d 220, 232 n.6 (2006) (Kelly, J. dissenting on other grounds) ("Negligent supervising, like negligent hiring and retention, requires knowledge on the part of the employer that special circumstances exist that could establish *a duty to protect third persons.*" (citing *Millross v. Plum Hollow Golf Club*, 429 Mich. 178, 413 N.W.2d 17 (1987)) (emphasis

added). If an employer owes the duty to reasonably supervise and train its employees only to the general public, then it follows that the employer does not owe that duty to its own employees. Here, Plaintiff is an employee of Defendant. (Compl. at PageID 15). Therefore, Defendant did not owe Plaintiff the duty to reasonably supervise and train its employees because Plaintiff is an employee of Defendant.

For the reasons explained above, the Court GRANTS Defendant's motion as to Defendant's negligence claim and DISMISSES Count V.

II. **Plaintiff's NIED Claim (Count VI)**

Defendant also argues for dismissal of the NIED claim in Count VI. In Count VI, Plaintiff alleges that "Defendant's negligence proximately caused severe emotional distress to Plaintiff." (Compl. at PageID 22). However, this is an inadequate and incorrect application of an NIED claim.

Under Michigan law, the elements of an NIED claim are:

> (1) serious injury threatened or inflicted on a person, not the plaintiff, of a nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff **from witnessing the event** that results in the plaintiff's actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock "fairly contemporaneous" with the accident.

*Solek v. K & B Transportation, Inc.*, No. 21-CV-10442, 2021 WL 4290181 at *7 (E.D. Mich. Sept. 21, 2021) (emphasis added) (quoting *Hesse v. Ashland Oil, Inc.*, 466 Mich. 21, 34 (2002). Michigan courts have refused to apply the tort "beyond a situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result." *Samberg v. Detroit Water & Sewer Co.,* No. 14-CV-13851, 2015 WL 2084682 at *3 (E.D. Mich. May 5, 2015) *Duran v. Detroit News, Inc.,* 200 Mich. App. 622, 629, 504 N.W.2d 715 (1993). The tort of NIED has been uniquely limited to "bystander recovery" actions. *Robinson v. MGM Grand Detroit, LLC*,

8

No. 17-CV-13128, 2019 WL 2448331 at *9 (E.D. Mich. June 12, 2019), aff'd, 821 F. App'x 522 (6th Cir. 2020). Plaintiff did not allege that he witnessed a negligent injury to a third party and suffered mental disturbance. Consequently, this is not a bystander recovery action, and Count VI should be dismissed. *Id*.

Plaintiff argues that the court in *Daley v. LaCroix,* 384 Mich. 4, 179 N.W.2d 390 (1970) created a cause of action for NIED absent an injury to a closely related third party. (ECF No. 9, at PageID 123). Plaintiff argues that Defendant's intentional and reckless conduct was "plausibly the proximate cause of injuries and exacerbation of injuries suffered by Plaintiff" and that this is sufficient to allege a NIED claim under *Daley*. (ECF No. 9, at PageID124). However, Plaintiff's argument was rejected by *In re Flint Water Cases*, 384 F. Supp. 3d 802, 870 (E.D. Mich. 2019). The plaintiffs in that case also relied on *Daley* to argue that NIED "does not require an injury to a third party for a plaintiff to pursue the claim." *Id*. The Court found that this was an incorrect understanding of *Daley*: "*Daley* did not create a cause of action for [NIED] absent an injury to a closely related third party." *Id*. The ruling in *Daley* established that a plaintiff may recover damages for emotional distress when the plaintiff "prevailed on a negligence cause of action." *Id*. Further, an NIED claim "clearly contemplates a sudden, brief, and inherently shocking accidental event which causes the injury." *Id*.

Here, Plaintiff has not plead the elements of an NIED claim. Plaintiff did not allege that he witnessed a negligent injury to a third party and suffered mental disturbance. Plaintiff alleges only that "Defendant's negligence proximately caused severe emotional distress to Plaintiff." (Compl. at PageID 22). Therefore, the Court GRANTS Defendant's motion as to Defendant's NIED claim and DISMISSES Count VI.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendant's motion for partial judgment on the pleadings and DISMISSES Plaintiff's negligence claim (Count V) and NIED claim (Count VI).

The only claims remaining at issue in this action are Counts I through IV.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 14, 2022